UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-23662-CIV-MOORE/SIMONTON

GAYLE HOCHHEISER,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,

    Defendant.
_____/

## ORDER GRANTING, IN PART, PLAINTIFF'S MOTION TO COMPEL BETTER RESPONSES TO WRITTEN DISCOVERY

Presently pending before the Court is Plaintiff's Motion to Compel Better Responses to Written Discovery (DE # 28). Defendant has filed a Response to Plaintiff's Motion to Compel Better Responses to Written Discovery (DE # 34), and Plaintiff has filed a Reply (DE # 39). The Motion has been referred to the undersigned Magistrate Judge (DE # 37). A hearing was held on the Motion on February 24, 2011, and at the conclusion of the hearing, the Motion was GRANTED, in part, as set forth in this Order.

This matter involves a one-count complaint for negligence brought by Plaintiff, a passenger on one of Defendant's cruise ships, after Plaintiff allegedly slipped and fell onboard while descending an outdoor staircase, the base of which landed on Deck 11. As a result, Plaintiff allegedly suffered a fractured ankle and related damage (DE # 1 at 2-4).

Plaintiff filed the instant Motion seeking to resolve the size of the physical area surrounding the alleged accident site that would be subject to certain written discovery requests that Plaintiff has identified in its Motion. Specifically, Plaintiff argues that all of Deck 11 with a surface similar to that on which Plaintiff allegedly fell should be the scope of this area (DE # 28 at 2). Defendant responds that the theory of Plaintiff's case rests on

specific characteristics of the area surrounding the landing of the staircase where the alleged accident took place.[1]  In particular, because Plaintiff alleges that the location of a towel bin near the staircase created the conditions of the alleged accident, the other areas of Deck 11, which include several different non-pool-related areas, are irrelevant.  In addition, Plaintiff does not allege that she traversed any of these other areas of Deck 11 before the alleged accident (DE # 34 at 2).  Therefore, Defendant concludes, making all of Deck 11 subject to the noted discovery requests would not be designed to lead to admissible evidence.

The undersigned held a hearing on the Motion at which the parties restated their respective positions.  Defendant maintained its position but agreed, on the issue of coefficient of friction testing, to make all of Deck 11 available to Plaintiff.  After hearing argument from both parties, the undersigned made the following rulings from the bench and granted the Plaintiff's Motion, in part.

The undersigned concluded, as stated at the hearing, that although discovery related to certain areas of Deck 11 would not be reasonably calculated to lead to the discovery of admissible evidence, the scope of the physical area subject to discovery must include more than a limited area surrounding the landing of the staircase of the alleged incident.  Specifically, all deck surface areas of Deck 11 surrounding the midship pool deck, including the landing area of all staircases in this identified area, should be subject to Plaintiff's identified discovery requests because such discovery is reasonably

---

[1] **Defendant first responds that none of Deck 11 should be included in this contested area because Plaintiff fails to allege that she fell on the deck, itself.  Defendant points to evidence that Plaintiff, instead, fell on a step of the staircase before reaching Deck 11 (DE # 34 at 1-2).  The undersigned notes, however, that Plaintiff's Complaint contends that she fell on Deck 11, and Plaintiff's counsel at the hearing has represented that forthcoming evidence will support this allegation (DE # 1 at 2).**

calculated to lead to admissible evidence, as these deck surfaces are potentially subject to conditions similar to those Plaintiff has identified as having affected the alleged accident.

Accordingly, at the hearing, the Defendant's objections were overruled insofar as Defendant sought to limit discovery to a small area surrounding the one staircase of the alleged accident. On the other hand, Plaintiff's request for discovery relating to all of Deck 11 was similarly denied. The undersigned orders herein that such discovery shall be completed within 10 days of this Order.

Therefore, based upon a review of the record as a whole and as ruled from the bench at the hearing on the Motion to Compel, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel Better Responses to Written Discovery (DE # 28) is **GRANTED, in part,** consistent with the rulings made at the hearing on this matter and as memorialized in this Order as follows:

1. The scope of the area subject to Plaintiff's identified discovery requests shall be all deck surface areas of Deck 11 surrounding the midship pool deck, including the landing areas of all staircases in this identified area; and

2. Defendant shall respond to such discovery requests within 10 days of this Order.

**DONE AND ORDERED** in chambers in Miami, Florida, on February 25, 2011.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

**Copies furnished via CM/ECF to:**

**The Honorable K. Michael Moore**
   **United States District Judge**
**All counsel of record**